UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| BLACK HILLS CLEAN WATER ALLIANCE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendants. | Case: 5:20-cv-05034-JLV |

**DECLARATION OF JENNA SLOAN**

I, Jenna Sloan, hereby declare as follows:

1.      I am the Strategic Planning Director for the United States Forest Service, Rocky Mountain Region, stationed in Lakewood, Colorado. I have held this position from January 2018, continuing through the present. I previously held the position of Director, State and Private Forestry and Tribal Relations from approximately January 2017 through January 2018. I also held an Applied Fire Ecologist position within the Washington Office of the Forest Service from approximately October 2014 through October 2015.

2.      My responsibilities in this position include supervising and coordinating regional programs including forest planning, National Environmental Policy Act (NEPA), Social and Economic Sciences, Appeals, Administrative Review regulations and policies, Freedom of Information Act (FOIA), Privacy Act (PA), Records Management, and Litigation for the Rocky Mountain Region. I am responsible for keeping the leadership up-to-date on important issues and provide advice and recommendations to management officials and

deciding officials. I provide recommendations or issue policy decisions for my programs.

3.      Due to the nature of my official duties, I am familiar with the processes and procedures the Forest Service follows in responding to FOIA requests made to the Forest Service in the Rocky Mountain Region.

4.      As part of my official duties, I oversaw the Forest Service's response to the FOIA request at issue in this litigation.

5.      I make this declaration based on my personal knowledge; review of Forest Service records; and information gained during my official duties, including through consultations with individuals directly involved in the records search in connection with this FOIA request. The information contained in this declaration is accurate to the best of my current knowledge.

## Background on the Forest Service and the Black Hills National Forest

6.      The Forest Service is responsible for managing millions of acres of public lands for various uses. Those uses include recreation activities such as hiking, camping, and hunting, as well as extraction activities, such as logging and mining.

7.      Forest Service lands are divided into nine geographic regions, of which the Rocky Mountain Region is Region 2. National Forests and Grasslands are divided into Ranger Districts, which report to a Supervisor's Office, which in turn reports to their Regional Office. Regional Offices report to Forest Service headquarters in Washington, D.C.

8.      The Black Hills National Forest is in western South Dakota and northeastern Wyoming and consists of 1.2 million acres of forested hills and mountains, approximately 110 miles long and 70 miles wide. The Forest has a Forest Supervisor's Office and four Ranger Districts.  Offices are located in Sundance and Newcastle, Wyoming and Custer, Rapid City

and Spearfish, South Dakota. Additional information and a general overview map are available on the Forest's website at https://www.fs.usda.gov/main/blackhills/home.

**Procedural History of Plaintiff's FOIA Request**

9. Plaintiff submitted a FOIA request to the Black Hills National Forest on December 7, 2018. A copy of the FOIA request is included with this Declaration as Exhibit A. The FOIA request sought:

> [A]ny and all agency records created or obtained by the Mystic District Office or the Black Hills National Forest Office that relate to plans of operations or notices of intent for exploratory gold drilling in the Mystic District of the Black Hills National Forest. The subject matter scope of this request must be interpreted broadly, and includes but is not limited to, these specific documents:
>
> - all draft or final plans of operations that have been submitted to the Forest Service since January 1, 2018 involving existing or proposed mines in the Mystic Ranger District;
>
> - all draft or final plans of operations and/or notices of intent referenced in the news article that ran in the Rapid City Journal on November 25, 2018 quoting Black Hills Deputy Forest Supervisor Jerry Krueger confirming that "four new plans of operations for exploratory gold drilling have been submitted to the Black Hills National Forest" for federal public lands located within the Mystic Ranger District.

10. The Forest and the Rocky Mountain Region responded to the request. By letter dated February 12, 2019, the Region identified four (4) proposals for mining activity on the Black Hills National Forest as records responsive to the request. The Region withheld those records as confidential business information under FOIA Exemption 4. Exhibit B.

11. Plaintiff appealed the withholding of records on May 7, 2019. Exhibit C. Due to the depleted staffing in the Forest Service's Washington Office FOIA unit, the Forest Service was not able to respond to the appeal. Plaintiff filed the current lawsuit on May 15, 2020.

3

**Search for Potentially Responsive Documents**

12.     After the current lawsuit was filed, the Forest Service initiated a new search for records responsive to the December 7, 2018 FOIA request.

13.     The Forest Service used a date range for the new search for records; the date range was January 1, 2018 through August 1, 2020. The agency also searched for all Plans of Operation and Notices of Intent described in Paragraph 9 above that had not been withdrawn or formally acted upon by the agency before January 1, 2018, regardless of the date created or obtained. The start date was selected as January 1, 2018 due to the mention of this date in the original FOIA request. The Forest Service chose the cut-off date for the search as August 1, 2020 as it had been under consideration as part of earlier settlement discussions with the Plaintiff and in order to have a common end date for all the searches that would be performed by individual records custodians.

14.     As part of implementing the new search for records, I, my staff and officials on the Forest met multiple times to discuss the scope of the request and documents likely to be responsive. We worked to identify those agency employees reasonably likely to have documents responsive to the FOIA request. Based on those conversations, the Forest Service generated a list of employees with primary responsibility or substantive involvement regarding plans of operations or notices of intent for exploratory gold drilling in the Mystic District of the Black Hills National Forest. The Forest Service determined that communications relating to this subject matter within the defined timeframe would have been routed through or originated by one or more of these individuals.

15.     The Forest Service identified the following twenty-one individuals as those likely to have responsive records (the "custodians"):

a. Jennifer Eberlien, Acting Regional Forester, Lakewood, Colorado

b. James Gubbels, District Ranger, Rapid City, South Dakota

c. Jessica Eggers, Natural Resource Planner, Rapid City, South Dakota

d. Patrice Lynch, Wildlife Biologist, Rapid City, South Dakota

e. Gary Haag, past Mining and Minerals Specialist, Custer, South Dakota, now retired

f. Louie Conroy, Environmental Coordinator, Custer, South Dakota

g. Jerome Krueger, Deputy Forest Supervisor and previous acting Forest Supervisor, Custer, South Dakota

h. Andrew Johnson, past acting Forest Supervisor in Custer, South Dakota, now the Forest Supervisor on the Bighorn National Forest

i. Becky Knutson, Range Specialist, Rapid City, South Dakota

j. Benjamin Schumacher, Recreation and Travel Management specialist, Rapid City, South Dakota

k. Jessica Lucas, Hydrologist, Rapid City, South Dakota

l. Kelly Warnke, Botanist, Rapid City, South Dakota

m. Michael Hilton, Archaeologist, Custer, South Dakota

n. Ruth Esperance, past District Ranger on the Mystic Ranger District in Rapid City, South Dakota, now a Regional Planner

o. Scott Jacobson, Public Affairs Specialist, Custer, South Dakota

p. Mark Van Every, past Forest Supervisor, Custer, South Dakota, now retired

q. Nancy Veres, past acting District Ranger on the Mystic Ranger District in Rapid City, South Dakota, now retired

r. Cheryl Burgess, past Archaeologist in Custer, South Dakota, now retired

s. David Valenzuela, past Hydrologist/Soil Scientist, Rapid City, South Dakota, now retired

t. Alex Michalek, past acting District Ranger on the Mystic Ranger District in Rapid City, South Dakota, no longer with the Forest Service

u.   Kelly Honors, past Environmental Coordinator in Custer, South Dakota, now retired

16.   The records of each of the twenty-one custodians listed above were searched for documents potentially responsive to the original FOIA request. I, along with other Forest Service individuals, worked to ensure the searches were conducted in a manner likely to identify responsive records. The searches occurred in three waves, with an initial batch of custodians performing searches, followed by a second batch of custodians performing searches. Lastly searches were done thru the eDiscovery process for some custodians who retired or left the agency.

17.   Most of the custodians searched their own documents, using the search parameters they identified as most likely to identify potentially responsive documents, as the custodians themselves were best-positioned to know (i) where they would have potentially responsive documents in their files and (ii) what search parameters would be best aimed to locate those documents.

18.   To the best of my knowledge, the custodians' searches of their own files encompassed the following records systems and search terms:

> i. Jennifer Eberlien (search done by Suann Piontek)
> Records locations searched: Outlook
> Search terms used: Plan of operations, gold, mining, exploratory drilling, notice of intent
>
> ii. James Gubbels
> Records locations searched: Outlook and C drive on laptop
> Search terms used: F3 Gold, Mystic Mining Projects, Jenny Gulch Gold, tribal consultation, plans of operation
>
> iii. Jessica Eggers
> Records locations searched: C drive, T drive, email
> Search terms used: Gold, Plan of Operations, PoO, MMR, Big Rock, Jenny Gulch, Triple G, Cutty Sark
>
> iv. Patrice Lynch

    Records locations searched: Outlook Emails, C Drive, External Storage Drive, T Drive.
    Search terms used: All projects listed in litigation hold letter. Also: Gold, MMR

v. Gary Haag:
    Records locations searched: C:/Drive on Mr. Haag's computer (2810 Folders) & Microsoft Outlook Folders
    Search terms used: Cutty Sark, Golden Meadow, F3 Jenny Gulch, Triple G, MMR 2 Projects

vi. Louie Conroy:
    Records locations searched: Outlook emails and C: drive
    Search terms used: Plan of operations, gold, mining, exploratory drilling, notice of intent

vii. Jerome Krueger:
    Records locations searched: computer/email
    Search terms used: MMR and gold

viii. Andrew Johnson:
    Records locations searched: Outlook, Microsoft file explorer
    Search terms used: Plan of operations, gold, mining, exploratory drilling, notice of intent

ix. Becky Knutson:
    Records locations searched: Pinyon/ C Drive of computer
    Search terms used: Plan of operations, Gold, Mining

x. Benjamin Schumacher:
    Records locations searched: outlook, documents folder
    Search terms used: Plan of operations, Gold, Mining, Exploratory Drilling, Notice of Intent

xi. Jessica Lucas:
    Records locations searched: MS Outlook, electronic project files on local computer, external backup drive
    Search terms used: Plan of Operations/POO, Gold, Mining, Exploratory drilling, Notice of Intent

xii. Kelly Warnke:
    Records locations searched: email, C drive
    Search terms used: F3, Big Rock, exploratory drilling, Plan of Operations, PoO, mining, + more

xiii. Michael Hilton:
    Records locations searched: Outlook and C-drive files

    Search terms used: Plan of operations, gold, mining, exploratory drilling, notice of intent

  xiv. Ruth Esperance:
    Records locations searched: hard drive, outlook mail
    Search terms used: PoO, plan of operations, gold, mining, exploratory drilling, notice of intent

  xv. Scott Jacobson:
    Records locations searched: Email and Computer Files
    Search terms used: Plan of operations, Gold, Mining, notice of intent

19. Custodians—or the individuals conducting searches on behalf of custodians—were instructed to search for records requested in the FOIA request, with the subject matter as follows:

*The date range for the Search for Additional Records will be January 1, 2018, through August 1, 2020. Except, all Plans of Operation and Notices of Intent that have not been withdrawn or formally acted upon by the agency before January 1, 2018 shall be deemed responsive, regardless of the date created or obtained.*

*Any and all agency records created or obtained by the Mystic Ranger District Office or the Black Hills National Forest Office that relate to plans of operations or notices of intent for exploratory gold drilling in the Mystic Ranger District of the Black Hills National Forest; including, draft and final plans operations, notices of intent, correspondence with persons submitting such plans, correspondence with any persons regarding gold interested in mining proposals on the Mystic Ranger District; but, not including, internal USDA and Forest Service communications generated as a result of and related to the case Black Hills Clean Water Alliance v. Forest Service, 20 cv 5034 (District of South Dakota).*

20. Locations searched in connection with this FOIA request were primarily Outlook email communications and attachments and computer hard drives, with some custodians searching shared drives, such as Pinyon or the T: drive, and other locations, such as external storage drives.

21. As discussed in paragraph 16, searches were done thru the eDiscovery process for some custodians who retired or left the agency (Mark Van Every, Nancy Veres, Cheryl Burgess, David Valenzuela, Alex Michalek, and Kelly Honors). The Forest Service has a dedicated eDiscovery program, which operates within the Chief Information Office. This program supports and provides services for electronic discovery, FOIA, Administrative, and Law Enforcement investigations. The program is staffed by a team of technologists with most coming from IT backgrounds. Through this program, emails can be retrieved as far back as September 2011. The records collected for these custodians thru the eDiscovery process consisted of email correspondence. In these cases, responsive emails were identified via search terms applied by Louie Conroy, Environmental Coordinator and Forest FOIA coordinator on the Black Hills National Forest.

22. Nineteen (19) of the twenty-one (21) searches identified documents potentially responsive to the FOIA request. Potentially responsive documents were saved electronically, in folders on a shared location on the Forest Service's Pinyon content-management system, organized by the custodians' last names. Most custodians saved their potentially responsive documents directly to the folder themselves; files from custodians who had retired or left the agency were obtained thru the eDiscovery process and placed in a Pinyon folder created by the eDiscovery team. The Forest FOIA coordinator was then notified via email when the search was complete and given access to each folder. He then queried them using search terms and placed them into the appropriate folder.

## Collection, Review and Production of Records

23.     The records collected by the Forest Service were loaded into FOIAXpress, the system that the Forest Service—like many other federal agencies—typically uses to process documents in connection with FOIA requests.

24.     In general, the custodians' documents were received in their native format, and were converted to PDF format as they were processed via FOIAXpress. Exceptions to this include GIS files that FOIAXpress does not accept.

25.     The Forest Service reviewed the PDF versions of the documents, after they had been processed in FOIAXpress. This allowed for the application of redactions to material exempted from disclosure under FOIA. Documents were reviewed for the applicability of any FOIA exemptions, and redactions were applied to all or parts of the pages of each document as appropriate.

26.     Once the documents to be included in a production were reviewed, the Forest Service Bates-labeled each page of the production and made them available to the Plaintiff on an electronic file sharing site. The Forest Service produced records via email to the Plaintiff as follows:

   a. 47 pages on September 18, 2020

   b. 3000 pages on October 2, 2020

   c. 3000 pages on October 16, 2020

   d. 8000 pages on October 23, 2020

   e. 2023 pages and 105 Megabytes (MB) of Geographic Information System (GIS) files on November 20, 2020

   f. 3000 pages on December 4, 2020

  g. 3000 pages on December 18, 2020

  h. 1062 pages on December 31, 2020

  i. Re-release of 6085 pages and 25 MB of GIS files on January 29, 2021 (see paragraph 29 below)

27. Each production was accompanied by a cover letter and an email from the Forest Service. The cover letters and emails for the productions are attached here as Exhibits D1 through D18.

28. Some of the produced documents contained one or more redactions pursuant to FOIA exemptions. In general, those applied redactions included text indicating the exemption being asserted.

29. On final review of the complete document release and draft Vaughn Index, it was realized that some of the redactions, in the 5th, 7th, and 8th releases, had been applied erroneously. As such, these three releases were re-released as part of the 9th release on January 29, 2021 with many redactions removed. This update is reflected in the final Vaughn Index.

30. In total, the Forest Service produced 23,132 pages of records and 130 MB of GIS files. Additional document release may occur, if necessary, to resolve any discrepancies.

### Applicable FOIA Exemptions and the Vaughn Index

31. The documents responsive to the FOIA request were reviewed to ensure that all reasonably segregable information not subject to a FOIA exemption was released in the documents produced to Plaintiff.

32. During review of documents responsive to the FOIA request, the Forest Service determined that certain information within the records should be withheld under FOIA

exemptions 3, 5, and 6.

33. Exemption 3 permits withholding of records or information if a separate law specifically exempts the records from being disclosed. One such separate law is the Federal Cave Resources Protection Act of 1988, which prohibits disclosure of information concerning the specific location of any significant cave, unless it is determined that the disclosure of such information would further the purposes of the Act, and would not create a substantial risk of harm to, theft from, or destruction of the cave.

34. Exemption 5 protects inter- or intra-agency documents that would not be available by law to a party other than an agency in litigation with the agency. Exemption 5 therefore incorporates all common law and governmental privileges and protections that protect federal materials from discovery in federal litigation, including the attorney-client privilege and attorney work-product privilege

35. As indicated in the attached Vaughn Index (Exhibit E), some documents were withheld in full or in part pursuant to the attorney-client privilege. The information redacted from these documents pursuant to this privilege consists of: (i) communications among Forest Service personnel, attorneys at USDA's Office of the General Counsel ("OGC"), and/or attorneys at the Department of Justice ("DOJ") in the course of seeking or providing the attorneys' legal advice, or seeking or providing information necessary to provide legal advice; and (ii) documents reflecting OGC and/or DOJ attorneys' legal advice in the form of comments or drafts. If disclosed, the redacted information would reveal confidential, attorney-client privileged material.

36. Additionally, as indicated in the attached Vaughn Index, some documents were withheld in full or in part pursuant to attorney work-product privilege protection. These

redactions often, though not always, overlapped with redactions for attorney-client privilege. Some draft documents, and communications relating to draft documents, were redacted for attorney work-product privilege as they were prepared by, or at the direction or supervision of, attorneys in the context of ongoing or foreseeable litigation. The information redacted from the documents pursuant to attorney work-product privilege protection includes information that contains an attorney's mental impressions in the course of ongoing and/or anticipated litigation, or materials prepared at the direction or under the supervision of attorneys in the context of ongoing and/or anticipated litigation. If disclosed, the redacted material would reveal attorney mental impressions and factual work product.

37. The records withheld in full or in part pursuant to Exemption 5 constitute inter- or intra-agency documents because they were shared among individuals with the Forest Service, OGC, and DOJ. To the best of my knowledge, and as indicated on the Vaughn Index, these documents were not shared with any non-government persons, other than the contractor hired by the Forest Service to assist with FOIA processing and releases and the preparation of the Vaughn Index in this case.

38. Exemption 6 protects "personnel and medical files and similar files[,] the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Id. § (b)(6). Here, the Forest Service has redacted personal information including individuals' addresses, telephone numbers, cell phone numbers, and email addresses. The disclosure of this information would serve little to no public interest and would constitute an unwarranted invasion of the individuals' privacy.

39. A description of all of the material withheld in whole or in part pursuant to FOIA Exemptions, and the bases for asserting those Exemptions, are set forth in the Vaughn

Index attached to this Declaration as Exhibit E.

40. The attached Vaughn Index includes one entry for each document over which one or more FOIA exemptions are asserted.

41. The Vaughn Index is organized as follows:

   a. The first column, "Bates #" provides the production Bates page number(s) for which one or more FOIA Exemptions is being asserted.

   b. The second column, "Date created or received," reflects the date of the document in question, where that information is available.

   c. The third column, "Author," indicates the author or sender of a document or communication, where that information is available.

   d. The fourth column, "Primary Addressee," indicates the primary recipient(s) of a document or communication, where that information is available.

   e. The fifth column, "Subject Matter," indicates the subject matter of the document.

   f. The sixth column, "Determination" indicates whether a document was withheld in full (that is, the document was produced with full-page redactions on every page), or disclosed in part (that is, part of the document was redacted and part was disclosed).

   g. The seventh column, "Redaction Code," indicates which FOIA exemption(s) are being asserted as to the document.

   h. The eighth column, "Information withheld and Basis for withholding," explains the information withheld and/or the basis for the claimed FOIA exemption(s).

## Summary

42. The Plaintiff's original FOIA request was dated December 7, 2018. When the Forest Service received this request, the agency identified 47 pages of responsive records and withheld these records as confidential business information. Plaintiff appealed this decision. The Forest Service was not able to respond to the appeal.

43. After this lawsuit was filed, the Forest Service implemented a new search for records through twenty-one (21) records custodians. The agency conducted a search of all files and systems reasonably likely to contain records responsive to the request. Following the search for responsive documents, the Forest Service carefully reviewed the responsive documents to ensure that the material being withheld was properly subject to a FOIA Exemption. The Forest Service then produced more than 23,000 pages of records and 130 MB of GIS files over 9 releases. The agency is supplying a Vaughn Index to explain any partial or full withholding of records. In sum, the Forest Service has produced a thorough response to the December 7, 2018 FOIA request.

44. The Exhibits included with this Declaration are as follows:

   a. A – Black Hills Clean Water Alliance FOIA request, December 7, 2018

   b. B – USDA Forest Service response to the FOIA request, February 12, 2019

   c. C – Black Hills Clean Water Alliance appeal, May 7, 2019

   d. D1 through D18 – Cover letters and emails from the Forest Service to the Black Hills Clean Water Alliance, September 2020 through January 2021

   e. E - Vaughn Index

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 29th day of January 2021



                                              Jenna Sloan  
                                              Director, Strategic Planning  
                                              U.S. Forest Service, Rocky Mountain Region